

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 15, 1975

The Honorable Jim Clark
House of Representatives
Committee on Labor
P. O. Box 2910
Austin, Texas 78767

Opinion No. H- 495

Re: Interrelationship of
acts regulating landscape
architects (Art. 249c, V. T. C.S. )
and plumbers (Art. 6343-101,
V. T. C.S. )

Dear Mr. Clark:

You have asked our opinion on questions involving landscape
architects. Your first question asks:

> Does Section 4(a) of Article 249c, authorizing
> "procedural rules and regulations . . . setting
> standards governing the connections to any public
> or private water supply by a landscape irrigator"
> have the effect of authorizing landscape irrigators
> to install or repair such connections without a
> license under the Plumbing License Law?

Section 4(a) of article 249c, V. T. C.S. , provides in part:

> The board shall promulgate procedural rules
> and regulations, consistent with the provisions of this
> Act, to govern the conduct of its business and proceedings,
> and setting standards governing the connections to any
> public or private water supply by a landscape irrigator.
> Notwithstanding any other provision of this Act, the
> board shall not have any power or authority to amend
> or enlarge upon any provision of this Act by rule or
> regulation or by rule or regulation to change the
> meaning in any manner whatsoever of any provision

p. 2234

of this Act or to promulgate any rule or regula-
tion which is in any way contrary to the underlying
and fundamental purposes of this Act or to make any
rule or regulation which is unreasonable, arbitrary,
capricious, illegal, or unnecessary.

Section 14 of the Plumbing License Law of 1947, article 6243-101,
V. T. C. S., prohibits a person from engaging in, working at or conducting
the business of plumbing unless such person is the holder of a valid
plumber's license. For purposes of the Plumbing License Law of 1947,
plumbing is defined in section 2 of that Act as meaning and including:

(1) All piping, fixtures, appurtenances and
appliances for a supply of water or gas, or both,
for all personal or domestic purposes in and about
buildings where a person or persons live, work
or assemble; all piping, fixtures, appurtenances
and appliances outside a building connecting the
building with the source of water or gas supply, or
both, on the premises, or the main in the street,
alley or at the curb; all piping, fixtures, appurtenances,
appliances, drain or waste pipes carrying waste water
or sewage from or within a building to the sewer service
lateral at the curb or in the street or alley or other
disposal terminal holding private or domestic sewage;

(2) the installation, repair and maintenance of all
piping, fixtures, appurtenances and appliances in and
about buildings where a person or persons live, work
or assemble, for a supply of gas, water, or both, or
disposal of waste water or sewage.

Whether the installation or repair of a water connection by a
landscape architect constitutes pumbing is a question of fact which must
be determined according to the circumstances of each case. This office
cannot resolve such disputes. To the extent that a particular action might
constitute plumbing under the definition given that term by the Legislature,

The Honorable Jim Clark   page 3   (H-495)

the Board of Landscape Architects is not permitted to promulgate a rule which would empower its licensees to perform that activity without a plumbers license.   Section 12 of article 249c prohibits a construction of the landscape architects act which repeals or amends a law affecting or regulating another profession.

Your second question inquires about the effect of the majority rights law upon the minimum age established by section 5a of article 249c.   Article 5923b extended the "rights, privileges and obligations of a person who is 21 years of age" to all persons at least 18 years of age.   Except for one unrelated exception specified in the Act, the statute provided that any "law, rule, regulation, or ordinance which extends a right, privilege, or obligation to a person on the basis of a minimum age of 21, 20 or 19 years shall be interpreted as prescribing a minimum age of 18 years."   We have held previously that this statute extends to persons 18 years of age all the rights formerly granted to persons 21 years of age.   Attorney General Opinion H-82 (1973).

It is our opinion that section 5a of article 249c, establishing 21 as the minimum age to apply for a landscape architects license, is controlled by article 5923b, and that a person who meets all the other requirements set forth in the statute may apply for and obtain a landscape architect's license if he is at least 18 years old.

## SUMMARY

The Texas State Board of Landscape Architects may not authorize its licensees to perform plumbing acts without a plumbing license.   Whether the installation or repair of water connections constitutes plumbing is a fact question which depends on the circumstances of each case.   This office cannot resolve such disputes.   A person is eligible to be licensed as a landscape architect at the age of eighteen.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee